# Exhibit "B"

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

| | |
|---|---|
| **Thursday, December 3, 2020** | **Hearing Room  5A** |

#### 10:30 AM
**8:17-12213   Solid Landings Behavioral Health, Inc.**                                  **Chapter 11**
Adv#: 8:20-01151    Bristol SL Holdings, Inc v. HOWARD B. GROBSTEIN

   **#16.00**   Hearing RE: United Behavioral Health's Motion to Intervene as a Defendant

                            Docket     7

**Courtroom Deputy:**
   - NONE LISTED -

**Tentative Ruling:**

**December 3, 2020 [UPDATED]**

Deny the Motion on the ground that the court is not persuaded that Movant has a significant protectable interest in this adversary proceeding.

Basis for Tentative Ruling:

   Solid Landings Behavioral Health, Inc. ("Debtor") filed a voluntary chapter 11 on June 1, 2017.  Judge Catherine Bauer was assigned to this and related cases. An order authorizing joint administration with several related debtors was entered on June 7, 2017 (Debtor and the related debtors, collectively, "Debtors").  The order confirming Debtors' liquidation plan was entered March 22, 2018, and Howard Grobstein was appointed liquidating trustee ("Trustee").

   Prior to plan confirmation, an order approving the sale of substantially all of Debtors' assets to Debtors' former shareholders was entered August 4, 2017 (the "Sale Order"). On April 24, 2020, United Behavioral Health ("United") filed a motion to clarify the Sale Order and whether all claims and causes of action were sold to Debtors' former shareholders or retained by Trustee (the "Motion to Clarify").  On July 28, 2020, the order granting the Motion to Clarify was entered and stated that Bristol SL Holdings, Inc. ("Bristol")[a company created by Debtors' former shareholders to hold the purchased assets] acquired ownership of Debtors' account receivables (the "Clarifying Order").

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, December 3, 2020**                                                                 **Hearing Room        5A**

**10:30 AM**
**CONT...**       **Solid Landings Behavioral Health, Inc.**                                               **Chapter 11**

On July 31, 2020, the bankruptcy case was transferred from Judge Bauer to Judge Smith. On October 28, 2020, Bristol filed a complaint seeking declaratory relief against Trustee (the "Complaint")[AP dkt. 1], giving rise to the instant adversary proceeding (the "AP"). Shortly thereafter, Bristol and Trustee executed a stipulation for entry of judgment in Bristol's favor against Trustee (the "Proposed Judgment")[AP dkt. 5] which United opposes [AP dkt. 6].

United now moves under FRCP 24(a)(2) to intervene as defendant in the AP (the "Motion")[AP dkt. 9]. United also filed a copy of its proposed answer to the Complaint [AP dkt. 14]. Trustee and Bristol oppose the Motion [AP dkt. 15 & 20].

FRCP 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts generally apply a four-part test to determine whether mandatory intervention is appropriate: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable interest' in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties." *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018)(citation omitted). "While the party seeking to intervene as a right has the burden to show that the requirements for intervention are met, requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Assoc.*, 647 F.3d 893, 897 (9th Cir. 2011). "In addition to mandating broad construction, our review is guided primarily by practical considerations, not technical distinctions." *Id.*

Despite this court's short tenure in the case generally, the court has nevertheless reviewed numerous pleadings (including exhibits) concerning the asset sale and matters relating the subsequent litigation regarding the same

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, December 3, 2020**                                                                                     Hearing Room        5A

**10:30 AM**
**CONT...**     **Solid Landings Behavioral Health, Inc.**                                                                      **Chapter 11**

(in this court, the District Court and the state Superior Court). After closely reviewing, among other things, this Motion, the Opposition, Reply and documents referenced therein (including the relevant Asset Purchase Agreement ("ASA"), the Stipulation Modifying the Asset Purchase Agreement, the Motion to Clarify the Sale Order, the Clarifying Order, and the Complaint filed in this adversary proceeding, the court concludes that United has failed to demonstrate entitlement to intervene in this adversary proceeding pursuant to FRCP 24(a)(2). Specifically, the court is not persuaded that United has a "significantly protectable interest" in the within action.

The ASA provided for purchase of certain assets of Debtors' assets ("Transferred Assets"), defined in part as follows:

(f)     (f) "all uncollected accounts, notes, interest and other health care or other receivables generated in connection with the operation of the Debtors and other Transferred Assets by the Debtors before or on the Closing Date, whether billed or unbilled, recorded or unrecorded, or payable by a medically indigent assistance program, private Payors or any other Payor (including an insurance company), health care provider, independent practice association network (such as a health maintenance organization, preferred provider organization or any other managed care program), any fiscal intermediary of the foregoing, private pay clients, private insurance or any other source (collectively " Debtor Accounts Receivable"

(g)     (g) all rights, claims and causes of action of the Debtors related to and/or arising out of Debtor Accounts Receivable, and any payments, awards or other proceeds arising therefrom and any other choses in action not expressly designated as a Retained Asset, and all rights and legal privileges and confidential information related thereto;

In the court's view neither the stipulated modification or the Clarifying Order deprives Bristol of ownership of all rights, claims and causes of action related to and/or arising out of the A/Rs. Further, as the Clarifying Order, which is final, stands on its own I did not consider statements made at the hearing regarding the same. If Judge Bauer did not believe the Clarifying Order lodged by Bristol accurately reflected her ruling, she could have modified herself. No party requested a modification of the order after it was entered

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

| | |
|---|---|
| **Thursday, December 3, 2020** | **Hearing Room  5A** |

**10:30 AM**
**CONT...   Solid Landings Behavioral Health, Inc.                                                    Chapter 11**

and no party appealed the order. In addition, there is no evidence of "collusion" or nefarious intent on the party of the Liquidating Trustee. Finally, the complaint in this adversary is not inconsistent with the Clarifying Order. The bottom line --- the court does not find any of United's arguments persuasive.

### Party Information

**Debtor(s):**

Solid Landings Behavioral Health,        Represented By
                                                                  David L. Neale
                                                                  Juliet Y Oh
                                                                  Jeffrey S Kwong
                                                                  David M Samuels

**Defendant(s):**

HOWARD B. GROBSTEIN                   Pro Se

**Plaintiff(s):**

Bristol SL Holdings, Inc                        Represented By
                                                                  Nathan  Fransen

# United States Bankruptcy Court
# Central District of California
Santa Ana

Judge Erithe Smith, Presiding

Courtroom 5A Calendar

---

**Thursday, December 3, 2020**                                      Hearing Room        5A

**10:30 AM**

**8:17-12213**   **Solid Landings Behavioral Health, Inc.**                            **Chapter 11**

Adv#: 8:20-01151   Bristol SL Holdings, Inc v. HOWARD B. GROBSTEIN

  #17.00   Hearing RE: Stipulation By Bristol SL Holdings, Inc and Howard Grobstein, Liquidating Trustee for Judgment

                              Docket       5

**Courtroom Deputy:**

  - NONE LISTED -

**Tentative Ruling:**

**December 3, 2020**

Deny the Motion without prejudice to Defendant filing a properly noticed motion pursuant to FRBP 9019.

The stipulated judgment agreed to by the parties constitutes, in the court's view, a compromise of a claim against the estate. Accordingly, a motion for approval of such compromise should be filed in the main case.

The court rejects United's argument that the stipulated judgment constitutes a collateral attack on either the Sale Order or the Clarifying Order. The court does not read either order as restrictively as United.

| Party Information |
|---|

**Debtor(s):**

  Solid Landings Behavioral Health,          Represented By
                                                David L. Neale
                                                Juliet Y Oh
                                                Jeffrey S Kwong
                                                David M Samuels

**Defendant(s):**

  HOWARD B. GROBSTEIN                         Pro Se

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, December 3, 2020**                  Hearing Room    5A

10:30 AM
**CONT...**     **Solid Landings Behavioral Health, Inc.**                  Chapter 11

**Plaintiff(s):**

     Bristol SL Holdings, Inc            Represented By
                                                  Nathan Fransen