1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    BRISTOL SL HOLDINGS, INC., et al.,            Case No.  20-cv-07804-JSW

8                   Plaintiffs,

9          v.                                       **ORDER GRANTING MOTION TO
                                                    REMAND AND DENYING REQUEST
                                                    FOR ATTORNEYS' FEES AND COSTS**
10   UNITED BEHAVIORAL HEALTH,
                                                    Re: Dkt. No. 11
11                  Defendant.

12

13          Now before the Court for consideration is the motion to remand submitted by Plaintiff

14   Bristol SL Holdings, Inc. ("Plaintiff" or "Bristol").  The Court has considered the parties' papers,

15   relevant legal authority, and the record in the case, and it finds this matter suitable for disposition

16   without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court HEREBY VACATES the hearing

17   scheduled for January 8, 2021.  For the following reasons, the Court GRANTS Plaintiff's motion

18   and remands this action to state court.  Plaintiff's request for an award of attorneys' fees and costs

19   is DENIED. [1]

20                                    **BACKGROUND**

21   **A.     Factual Background.**

22          This case arises out of Defendant United Behavioral Health's ("United's" or

23   "Defendant's") alleged failure to pay more than $7 million dollars to a network of now-bankrupt

24   substance abuse treatment centers (the "Providers") for authorized services.  Bristol is the

25   Providers' successor-in-interest, created by the shareholders of the bankrupt Providers for the

26

27   _____
     [1]     Bristol requests that the Court take judicial notice of documents filed in various court
28   proceedings.  (Dkt. No. 12.)  Because such documents are matters of which the Court can properly
     take judicial notice, the Court GRANTS Bristol's unopposed request for judicial notice.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    purpose of bringing this suit because the Providers, as bankruptcy debtors, are not able to pursue

2    this litigation on their own behalf.  (Not. of Removal, Ex. B ("Compl.") ¶ 1.)

3          Bristol alleges that United failed to make proper payments to the Providers for amounts

4    due and owed for behavioral health services provided to the patients of the Providers, who were

5    insured by United.  (*Id*. ¶ 15.)  Bristol alleges that the Providers administered these services to

6    their patients based upon statements made by United that the services would be covered at a

7    certain cost.  (*Id.* ¶¶ 17-18.)  According to Bristol, however, United failed to pay for these

8    services, and Bristol now brings this action to recover the allegedly unpaid insurance claims

9    arising from the substance abuse treatments.  (*Id.* ¶ 18.)  Bristol brought nine causes of action on

10   behalf of the Providers: (1) breach of express oral contract ; (2) breach of implied contract; (3)

11   promissory estoppel; (4) intentional misrepresentation; (5) negligent misrepresentation; (6)

12   fraudulent concealment; (7) violation of California's Unfair Competition Law ("UCL") Cal. Bus.

13   & Prof. Code section 17200 *et seq.*; (8) negligent interference with prospective economic

14   advantage; and (9) intentional interference with prospective economic advantage.

15         Bristol alleges that its claims "are based upon the individual and proper rights of the

16   Providers and not derivative of the contractual or other rights of the Providers' patients."  (*Id*. ¶

17   13.)  Bristol further alleges that it "does not seek to enforce the contractual rights of the Providers'

18   Patients through their insurance contracts, policies, certificates of coverage, or any other written

19   insurance agreements between the Patients and Defendants."  (*Id.* ¶ 14.)  Instead, it alleges that it

20   is pursuing redress for "independent duties owed to [the Providers] by the Defendants, exclusive

21   of the Patients' insurance contracts, policies, certificates of coverage or any other written

22   insurance agreements.  (*Id.*)

23   **B.    Procedural Background.**

24         On April 15, 2019, Bristol filed a lawsuit against United in the United States District Court

25   for the Central District of California.  (*See* Dkt. No. 12, Request for Judicial Notice ("RJN"), Ex.

26   I.)   The case advanced the same underlying claims that are the subject of this litigation; however,

27   Bristol also brought a claim for unpaid benefits under the Employee Retirement Income Security

28   Act ("ERISA"), 29 U.S.C. section 1132(a)(1)(B).  (*Id.*)  The Court dismissed the ERISA claim

1    with prejudice for lack of standing, finding that assigned ERISA claims may not be brought by

2    any party other than the healthcare provider to whom they were originally assigned, which Bristol

3    is not. (*Id.*)  The Court declined to exercise supplemental jurisdiction over the state law claims

4    and dismissed the state law claims without prejudice. (*Id.*)

5           Bristol then filed this complaint in state court on November 5, 2019 asserting the same

6    state law claims as in the previous federal court action.  On December 6, 2019, United filed a

7    demurrer in the state court proceedings arguing that: (1) Bristol lacked standing to pursue its

8    claims; (2) Section 514 of ERISA preempted Bristol's claims; and (3) the complaint failed to

9    allege facts that entitling Bristol to relief. (Not. of Removal, Ex. H.)  The state court sustained the

10   demurrer without leave to amend as to the UCL claims and the claims for negligent and intentional

11   interference with prospective advantage and overruled the demurrer as to the remaining claims.

12   (*Id.*, Ex. Y.)  The Court also rejected United's ERISA preemption argument in part because

13   "independent claims by third-party medical providers [] that are 'predicated on a garden-variety

14   failure to make a payment as promised for services rendered' are not preempted." (*Id.*)

15          On October 19, 2020, United filed a motion for judgment on the pleadings in the state

16   court proceedings. (*Id.*, Ex. BBB.)  United based its motion on a clarifying ruling from the

17   bankruptcy court, which stated that Bristol only had the right to pursue claims related to the

18   Providers' accounts receivables.[2]  In its motion for judgment on the pleadings, United argued that

19   "accounts receivables" should be defined as "sums due from a business's customers," which is

20   how that term is defined under California's Commercial Code. (*Id.*)  United argued that because

21   United was never a customer of the Providers, and because Bristol did not raise any cause of

22   action seeking to recover sums due to the Provider's customers under their health plan, Bristol did

23   not possess the causes of action raised in the case, and its claims should be dismissed. (*Id.*)

24

25   [2]    The Asset Purchase Agreement between Bristol and the Providers allows Bristol to pursue
     "all rights, claims, and causes of action of the Debtors related to and/or arising out of Debtor
26   Accounts Receivable…"  The bankruptcy court ruling clarified that pursuant to that agreement,
     Bristol acquired certain assets of the Providers, including their accounts receivables. (Not. of
27   Removal, Ex. YY.)  The bankruptcy court further ruled that in acquiring the accounts receivables,
     Bristol was entitled to the right to pursue claims associated with accounts receivables, including
28   through civil litigation. (*Id*.)

United States District Court
Northern District of California

3

1    Bristol filed its opposition to United's motion for judgment on the pleadings in state court

2    on October 29, 2020.  (*Id.*, Ex. EEE ("Opposition").)  Bristol argued that the bankruptcy court

3    ruling did not support United's narrow interpretation of the term "accounts receivables."  Upon

4    receiving Bristol's Opposition, United removed this action to federal court, arguing that the

5    Opposition demonstrated for the first time that Bristol seeks money under the terms of the

6    Providers' patients' ERISA health insurance plans.  United contends that Bristol is now attempting

7    to recover "health care insurance receivables" as part of the Providers' accounts receivables,

8    which it contends are payments under the patients' ERISA health insurance plans, and United now

9    seeks removal based on ERISA complete preemption.

10                                              **ANALYSIS**

11   **A.      Applicable Legal Standard.**

12           "[A]ny civil action brought in a State court of which the district courts of the United States

13   have original jurisdiction, may be removed by the defendant . . . to the district court of the United

14   States for the district and division embracing the place where such action is pending." *Franchise*

15   *Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28

16   U.S.C. § 1441(a).  However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen*

17   *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of

18   establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the

19   removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372

20   F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21   "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

22   instance." *Gaus*, 980 F.2d at 566.

23           "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

24   complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987).  The well-pleaded

25   complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may

26   avoid federal jurisdiction by exclusive reliance on state law." *Id.*  Under the well-pleaded

27   complaint rule, federal-question jurisdiction arises where the "complaint establishes either that

28   federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

4

United States District Court
Northern District of California

United States District Court
Northern District of California

1   resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.  A

2   court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a

3   potential or an anticipated defense that might raise a federal question, even if the defense is the

4   only question truly at issue in the case.  *Franchise Tax Board*, 463 U.S. at 10, 14; *see also*

5   *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal

6   court on the basis of a federal defense, including the defense of preemption, even if the defense is

7   anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is

8   the only question truly at issue.") (emphasis in original).

9           However, there is an exception to the well-pleaded complaint rule permitting the state

10  claim to be removed "when a federal statute wholly displaces the state-law cause of action through

11  complete pre-emption." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, (2003).  The exception

12  exists because "[w]hen the federal statute completely pre-empts the state-law cause of action, a

13  claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

14  is in reality based on federal law."  *Id.*   ERISA is one of these statutes.

15  **B.      ERISA Preemption.**

16          United removed this case to federal court arguing that Bristol's claims are completely

17  preempted by ERISA, which provides a basis for federal question jurisdiction.  *See Aetna Health*

18  *Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).  United also argues that its removal is timely –

19  despite being sought after a year of state court litigation – because United first ascertained that the

20  case was removable when Bristol filed its Opposition to United's motion for judgment on the

21  pleadings in state court.  Bristol seeks remand to state court on the basis that it asserts only state

22  law claims, which are not preempted by ERISA, and therefore this Court lacks jurisdiction.

23          State law causes of action are completely preempted by ERISA if the two-prong test set

24  forth in *Davila* is satisfied:  (1) "an individual, at some point in time, could have brought [the]

25  claim under ERISA § 502(a)(1)(B)" and (2) "there is no other independent legal duty that is

26  implicated by defendants actions."  *Id.* at 210.

27          **1.      *Davila*'s First Prong is Not Satisfied.**

28          The question under *Davila*'s first prong is whether the plaintiff asserting a state law cause

1    of action "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)."

2    *Davila*, 542 U.S. at 210.

3         Bristol brings state law claims for breach of contract, promissory estoppel, intentional and

4    negligent misrepresentation, and fraudulent concealment.  Bristol's claims rest on promises United

5    made to the Providers during certain telephone conversations regarding patient eligibility and

6    treatment authorizations and coverages.  (*See* Compl. ¶ 17.)  The complaint does not allege that

7    Bristol is seeking to recover benefits under the terms of an ERISA plan.  Rather, Bristol expressly

8    alleges that it "does not seek to enforce the contractual rights of the Providers' Patients through

9    their insurance contracts, policies, certificates of coverage, or any other written insurance

10   agreements between the Patients and Defendants.  The duties owed to the Providers… are

11   independent duties owed to them by the Defendants, exclusive of the Patients' insurance contracts,

12   policies, certificates of coverage or any other written insurance agreements."  (*Id*. ¶ 14.)

13        In *Marin General Hosp. v. Modesto & Empire Traction Co.*, the Ninth Circuit considered

14   whether section 502(a)(1)(B) of ERISA completely preempted a state law action for breach of

15   contract, negligent misrepresentation, quantum meruit, and estoppel, and thus whether the case

16   was properly removed from state to federal court.  581 F.3d 941, 944 (9th Cir. 2009).  The state

17   law claims arose from telephone conversations in which the defendant allegedly agreed to pay

18   90% of the patients' hospital charges.  *Id.* at 947.  The insurer paid the hospital a portion of those

19   charges under the ERISA plan, not the full amount.  *Id.*  The hospital sued seeking the additional

20   payment amount that the insurer promised in the telephone conversations.  *Id.*  The Ninth Circuit

21   concluded that the plaintiff hospital could not have brought its state law claims under section

22   502(a)(1)(B) and accordingly, that *Davila*'s first prong was not satisfied because the amount the

23   hospital sought to recover was not owed under the patients' ERISA plan; rather, it stemmed from

24   the alleged oral contract with the insurer, which was an independent obligation.  *Id.*  Because the

25   hospital was not suing as an assignee of an ERISA plan participant or beneficiary under section

26   502(a)(1)(B), complete preemption did not exist, and remand was appropriate.  *Id.* at 949.

27        United relies on *Melamed v. Blue Cross of California*, but that case is distinguishable.  557

28   Fed. App'x 659 (9th Cir. 2014).  In *Melamed*, the plaintiff was an out-of-network provider who

United States District Court
Northern District of California

6

1    sued insurance company defendants alleging that they had systematically underpaid him.  *Id.*

2    Although the plaintiff asserted only state law claims, the defendants removed the case to federal

3    court based on complete preemption because some of the patients were covered by ERISA plans.

4    *Id.* at 661.  The Ninth Circuit determined that the plaintiff's breach of contract claim was

5    completely preempted because plaintiff sought reimbursement for benefits that existed only

6    because of the defendant's administration of ERISA-regulated benefit plans.  *Id.*  The plaintiff

7    expressly alleged that it suffered damages as "a direct and proximate result of Defendants' breach

8    of its obligations under the written contracts between Defendants and Defendants' members, to

9    which Plaintiffs are third-party beneficiaries."  *Id.*  These allegations set *Melamed* apart from

10   *Marin*, in which the hospital's contract claim was not preempted because the hospital was

11   claiming an additional amount that was *not* owed under the patient's ERISA plan.  *Id*.

12        Here, Bristol does not make allegations like those in *Melamed*.  Bristol does not bring

13   claims on behalf of the Providers' patients, and Bristol's claims arise from the alleged oral

14   promises and representations that United made to the Providers.  These claims could not have

15   been brought under ERISA.  Accordingly, the allegations in the instant dispute are more

16   analogous to *Marin* than *Melamed*, and the Court finds that case controls here.  *See IV Sols. Inc. v.*

17   *United Healthcare Servs. Inc.*, No. CV124887GAFMRWX, 2012 WL 12887401, at *6 (C.D. Cal.

18   Nov. 19, 2012) (finding ERISA did not preempt state law claims where there was no allegation

19   that the plans contemplated the defendant as a third-party beneficiary and the sole basis of the

20   plaintiff's claims were independent contracts with United).

21        United does not dispute that the complaint does not allege that Bristol is seeking benefits

22   under ERISA plans.  (Dkt. No. 27, Opposition to Motion to Remand at 4.)  Instead, United argues

23   that Bristol is now pursuing a new theory of the case and is seeking money under the terms of

24   patients' ERISA health insurance plans based on its Opposition to United's state court motion for

25   judgment on the pleadings.  According to United, Bristol asserts in its Opposition that it seeks to

26   recover the Providers' "accounts receivables" which include "health care insurance receivables,"

27   defined in California's Commercial Code section 9102 as "an interest in or claim under a policy of

28   insurance which is a right to payment of a monetary obligation for health care goods or services

United States District Court
Northern District of California

1    provided or to be provided." *See* Cal. Comm. Code § 9102(a)(11),(46).  United argues that this

2    establishes that Bristol is now seeking payments under the Providers' patients' ERISA health

3    insurance plans, which are "health care insurance receivables," and which claims could have been

4    brough under Section 502(a)(1)(B).

5         United's attempt to recharacterize Bristol's allegations based on its state court Opposition

6    is unpersuasive.  The Court does not read Bristol's Opposition to repackage its state law claims

7    into claims seeking payments arising under ERISA plans.  The portion of Bristol's Opposition

8    upon which United relies is Bristol's response to *United*'s argument that a narrow interpretation of

9    the term "accounts receivables" should apply to the claims Bristol is permitted to pursue – an

10   interpretation that it appears the bankruptcy court has already rejected.[3]  Nowhere in the

11   Opposition does Bristol advance a new legal theory or assert that it is now seeking claims arising

12   under ERISA plans.

13        Accordingly, the Court rejects United's argument that Bristol's Opposition recharacterized

14   the claims at issue.  Because United's argument for complete preemption rests on that flawed

15   premise, United has failed to satisfy *Davila*'s first prong.

16        **2.      *Davila*'s Second Prong is Not Satisfied.**

17        Because the Court has concluded that United has not satisfied *Davila*'s first prong, the

18   Court need not address the second prong to determine that remand is warranted.  *Marin*, 581 F.3d

19   at 947.  However, in the interest of completeness, the Court finds that United also fails to

20   demonstrate that the second prong of the *Davila* is satisfied.  *Davila*'s second prong is satisfied if

21   "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542

22   U.S. at 210.  As discussed above, Bristol's state law causes of action arise from independent oral

23   promises between United and the Providers.  Bristol is pursing redress for "independent duties

24   owed to [the Providers] by the Defendants, exclusive of the Patients' insurance contracts, policies,

25   certificates of coverage or any other written insurance agreements," and the claims arising from

26

27   ───────────────

     [3]     To the extent that there are still disputes about the scope of permissible causes of action or
     the meaning of the terms in the Asset Purchase Agreement, those issues should be resolved in the
28   bankruptcy court or through a resolution of the motion for judgment on the pleadings in the state
     court proceedings.

United States District Court
Northern District of California

1    these duties would exist independent of an ERISA claim.  (Compl. ¶ 17.)  Accordingly, Bristol's

2    claims implicate legal duties independent of a claim under an ERISA plan, and United has failed

3    to show that *Davila*'s second prong is satisfied.

4        The Court concludes that Bristol's claims are not completely preempted by ERISA, and it

5    GRANTS the motion to remand.[4]

6    **C.    Bristol's Request for Attorneys' Fees and Costs.**

7        Bristol requests an award of attorneys' fees and costs incurred as a result of United's

8    allegedly improper removal pursuant to 28 U.S.C. section 1447(c) ("Section 1447(c)").  "An order

9    remanding the case may require payment of just costs and any actual expenses, including attorney

10   fees, incurred as a result of the removal."  28 U.S.C. § 1447(c); *Gardner v. UICI*, 508 F.3d 559,

11   561 (9th Cir. 2007).  "Absent unusual circumstances, courts may award attorney's fees under §

12   1447(c) only where the removing party lacked an objectively reasonable basis for seeking

13   removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141(2005).  To determine whether to

14   award costs and fees under Section 1447(c), this Court has a "great deal of discretion."  *Morris v.*

15   *Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993).

16       Although it was not ultimately persuaded by United's arguments, the Court does not find

17   that United's removal was frivolous or motivated by bad faith.  The Court therefore declines to

18   exercise its discretion to award fees and costs under Section 1447(c).  Bristol's request for

19   attorneys' fees and costs is DENIED.

20       //

21       //

22       //

23       //

24       //

25       **//**

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [4]     Because the Court finds that Bristol's Opposition did not reveal that the claims were

28   completely preempted by ERISA and concludes removal was improper under *Davila*, the Court
     will not address the issue of the timeliness of United's removal.

United States District Court
Northern District of California

9

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Bristol's motion to remand.  The Clerk shall remand this action to the Superior Court of the State of California, County of San Francisco and close this file.

**IT IS SO ORDERED.**

Dated: December 21, 2020

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

10